**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| L.C. STACKER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 12-3129-CV-S-RED-P |
| JEFF NORMAN, | ) ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS
AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, L.C. Stacker, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 1, 2012, seeking to challenge his 2008 convictions and sentences for first degree robbery, first degree assault, possession of a controlled substance, and stealing, which were entered in the Circuit Court of Greene County, Missouri.

The petition raises three grounds for relief: (1) that trial counsel was ineffective for failing to file a motion to suppress; (2) that trial counsel was ineffective for failing to spend enough time with petitioner and for failing to negotiate a lesser sentence; and (3) that trial counsel was ineffective for failing to investigate a possible invalid bench warrant. Respondent contends that all grounds are either procedurally defaulted or without merit.

**SUMMARY OF THE FACTS**

On appeal from the denial of petitioner's Mo. Sup. Ct. Rule 24.035 Motion, the Missouri Court of Appeals summarized the facts as follows:

> On April 9, 2008, [petitioner] was charged by felony information with the class A felony of robbery in the first degree, in violation of section 569.020; the unclassified felony of armed criminal action, in violation of section 571.015; and the class A felony of assault in the

first degree, in violation of section 565.050. On May 22, 2008, [petitioner] was also charged by felony information with the class C felony of possession of a controlled substance (cocaine base), in violation of section 195.202; and on May 28, 2008, he was charged by felony information with the class C felony of stealing, in violation of section 570.030, RSMo Cum. Supp. 2005.

On July 29, 2008, [petitioner] pled guilty to each of these crimes charged. n.2

> n.2 [Petitioner] entered his guilty pleas before Circuit Judge Calvin R. Holden.

There was no plea agreement. In the course of the plea hearing, [petitioner] stated under oath that: (1) he graduated high school and reads, writes and understands the English language; (2) he was not under the influence of any medication, alcohol or drugs and was in good physical and mental health at the time of the hearing; (3) he understood the charges and the fact that he was pleading guilty without a plea agreement; (4) he had "sufficient time" to talk to his attorney about the case, he had told his attorney "all" he knew about the case and was "completely satisfied" with his attorney; (5) he understood he had the right to file "motions. . . such as motions to suppress evidence or statements" but that he would waive that and other rights by entering a plea of guilty, and that he desired to waive those rights and plead guilty; and (6) he was not "promised. . . anything" or "threatened" for him to plead guilty but was pleading guilty because he "did as [the prosecutor] stated[.]" The prosecutor indicated in her explanation of the factual basis for [petitioner's] guilty pleas that [petitioner] admitted the robbery, assault and use of a knife in the robbery, and assault in a post-*Miranda* n.3 interview on March 10, 2008.

> n.3 *Miranda v. Arizona*, 384 U.S. 436 (1966).

On November 7, 2008, the court sentenced [petitioner] to imprisonment in the Missouri Department of Corrections for thirty years for robbery in the first degree, twenty years for armed criminal action, fifteen years for assault in the first degree, and seven years each for possession of cocaine base and stealing. The sentences were imposed to run concurrently. Following imposition of sentence, [petitioner] asserted that he had not had a sufficient opportunity to discuss his cases with his attorney and was "[n]ot really" "satisfied with [his] attorney's services," but that his attorney "answer[ed] all

of [his] questions," did "all those things [he] asked her to do," and did not do "anything [he] asked her not to do."

[Petitioner] did not appeal his convictions and sentences.

On December 23, 2008, [petitioner] filed a *pro se* Rule 24.035 motion for post-conviction relief and was appointed defense counsel. Defense counsel subsequently filed an amended motion claiming plea counsel was ineffective for multiple reasons, including plea counsel's failure to file a motion to suppress evidence based on [petitioner's] contention that he was arrested without a valid warrant. [Petitioner] did not identify in the amended motion any specific evidence that was obtained as a result of his arrest, but rather simply asserted "upon arrest for those matters he was questioned by the officer regarding a robbery charge. [Petitioner] claims that if the arrest was not valid, that the further questioning would not have taken place. . . ."

On April 20, 2010, the motion court conducted an evidentiary hearing on the amended motion. [Petitioner] was the only witness. On direct examination, [petitioner] testified about the circumstances leading up to his arrest. He stated he was arrested and booked for "small possession" and then released. He testified that the booking officer "said that a court [sic] summons would be sent through the mail for me to appear for court." [Petitioner] further stated:

> A few weeks later, I caught these charges and the police came to my house saying that they had a bench warrant for my arrest for failure to appear on the possession charge. And when I came down to the booking I asked the officer has a bench warrant been issued for my arrest, and he said it didn't show in the computer.

[Petitioner] testified that the police told his wife they had an arrest warrant, but that after she asked to see it they never presented it to her. He further testified that the police searched the home while looking for him. [Petitioner], however, stated the police did not find any evidence "because it wasn't there." [Petitioner] also testified that he was not questioned while he was in custody.

[Petitioner] testified that he talked to his attorney about a motion to suppress, but "[b]asically [counsel] didn't say anything." He also said that when he told his attorney the circumstances of his arrest, counsel said that "it really didn't matter because they had me

-3-

> anyway."
>
> On redirect examination, [petitioner] testified that he had not heard the words "motion to suppress" before his guilty plea, and "when [he] agreed to that" during his guilty plea he "really [did not] understand what [he was] agreeing to" because he "didn't know what it was."
>
> On May 24, 2010, the motion court entered its order denying [petitioner's] amended motion. After setting out in detail the plea court's questions to [petitioner] and his responses to those questions, the motion court specifically found:
>
>> There is no reason to believe that [petitioner] did not understand the plain language of the Court. [Petitioner] was informed of his charges, that he was pleading guilty without a plea agreement, [and] the range of punishment of each case and each count. [Petitioner] informed the Court that there were not promises or threats made to him. [Petitioner] then chose to plead guilty to his charges. The Court finds that [petitioner's] pleas were voluntarily made.
>>
>> The Court further finds that [petitioner] failed to support his claim for ineffective assistance of counsel at this hearing. . . . The Court finds that there was no evidence presented that [petitioner] would have insisted on a trial, and therefore [petitioner] failed to establish ineffective assistance of counsel.
>
> The motion court additionally held that [petitioner] was informed of his right to file motions, including motions to suppress, and he chose to waive that right. The plea court also found [petitioner's] claim meritless and refuted by the record.

(Respondent's Exhibit E, pp. 2-5).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and

convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **GROUND 1**

In ground 1, petitioner contends that trial counsel was ineffective for failing to file a motion to suppress. In order to succeed on a claim of ineffective assistance of counsel, petitioner must establish that: (1) his counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) his defense was prejudiced by counsel's action in that there is a reasonably probability that, but for counsel's unprofessional acts, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694-95 (1984); Schaeffer v. Black, 774 F.2d 865, 867 (8th Cir. 1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. at 687-90. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

On appeal from the denial of his Mo. Sup. Ct. Rule 24.035 Motion, the Missouri Court of Appeals disposed of petitioner's claims as follows:

> Pleading guilty "'waive[s] any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and

---

[1]"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Case 6:12-cv-03129-RED   Document 11   Filed 05/22/12   Page 5 of 10

knowledge with which the plea was made.'" ***Welch v. State***, 326 S.W.3d 916, 918 (Mo. App. W.D. 2010) (quoting ***Worthington v. State***, 166 S.W.3d 566, 573 (Mo. banc 2005)). "Movant bears the burden of proving his post-conviction claims, including a claim of ineffective assistance of counsel, by a preponderance of the evidence." ***Chaney v. State***, 223 S.W.3d 200, 206 (Mo. App. S.D. 2007).

To prevail on a claim of ineffective assistance of counsel, a movant must show counsel's representation fell below an objective standard of reasonableness and that, as a result, movant was prejudiced. n.4 ***Chaney***, 223 S.W.3d at 206.

> n.4 An objective standard of reasonableness requires counsel to exercise the customary skill and diligence of a reasonably competent attorney in similar circumstances. *See* ***Childress v. State***, 248 S.W.3d 653, 654 (Mo. App. S.D. 2008).

In a case where a movant has entered a guilty plea, "prejudice" requires that the movant show a reasonable probability he would not have pleaded guilty and would have insisted on going to trial, but for plea counsel's alleged constitutionally unreasonable conduct. ***Beach v. State***, 220 S.W.3d 360 (Mo. App. S.D. 2007). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" ***Moss v. State***, 10 S.W.3d 508, 511 (Mo. banc 2000) (quoting ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984)). "'If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and Movant's claim of ineffective assistance of counsel must fail.'" ***Chaney***, 223 S.W.3d at 206 (quoting ***Patrick v. State***, 160 S.W.3d 452, 455 (Mo. App. S.D. 2005)).

[Petitioner's] responses to the plea court's questions support the motion court's finding that his guilty pleas were knowing and voluntary. [Petitioner's] responses show he entered his pleas with an understanding of the charges he was pleading guilty to; the fact he was pleading guilty without a plea agreement; the face he was waiving important rights by pleading guilty, including specifically the right to file "motions to suppress evidence or statements"; and show he was "completely satisfied" with his attorney. The only evidence supporting [petitioner's] claim that his guilty pleas were unknowing was [petitioner's] testimony at the hearing on his amended motion that he "didn't know what [a 'motion to suppress']

> was." The motion court was free to disbelieve the testimony. ***Mendez***, 180 S.W.3d at 80.
>
> Additionally, as the trial court correctly found, "there was not evidence presented that [petitioner] would have insisted on a trial." Simply put, [petitioner] did not allege in his amended motion, and did not present any evidence at the hearing, that he would have insisted on going to trial but for plea counsel's failure to file a motion to suppress. Furthermore, [petitioner]'s brief does not direct us to any such evidence. While [petitioner] offered evidence about the circumstances surrounding his arrest– which would have been relevant to whether he was illegally arrested– [petitioner] never testified that if counsel had filed a motion to suppress, he would not have pleaded guilty and would have insisted on going to trial. It was [petitioner]'s burden to prove his claim for relief by preponderance of the evidence. Rule 24.035(i); ***Archer v. State***, 931 S.W.2d 473, 467-77 (Mo. App. S.D. 1996). Accordingly, [petitioner] failed to show plea counsel's alleged ineffectiveness prejudiced him.
>
> Because the prejudice prong of the test was not met, we need not consider the performance prong. *See* ***Chaney***, 223 S.W.3d at 206. The motion court did not clearly err in finding that [petitioner] failed to show prejudice resulting from any alleged ineffective assistance of his counsel. [Petitioner]'s point is denied, and the motion court's judgment is affirmed.

(Respondent's Exhibit E, pp. 6-8).

The resolution of ground 1 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).[2] Applying the <u>Strickland</u> standard of review to the facts as set

---

[2]According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

-7-

forth in the record, the Court finds that counsel was not ineffective.

Ground 1 is denied.

## **GROUNDS 2 & 3**

In grounds 2 and 3, petitioner contends that trial counsel was ineffective for failing to spend enough time with him, for failing negotiate a lesser sentence, and for failing to investigate an allegedly invalid bench warrant. Respondent correctly maintains that grounds 2 and 3 are procedurally defaulted.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

A review of the record shows that petitioner raised the issues contained in grounds 2 and 3 in his Rule 24.035 post-conviction relief motion, but did not pursue either ground on appeal. Therefore, petitioner defaulted grounds 2 and 3.

Because petitioner's grounds are procedurally defaulted, they may not be reviewed by this

---

the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

-8-

Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. The Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

Petitioner does not present any explanation for why grounds 2 and 3 were not pursued on appeal from the denial of his Rule 24.035 motion and, therefore, has failed to demonstrate cause for his procedural default.[3] As a result, we do not consider prejudice. The Court, however, can still reach the merits of his claims if petitioner can show that he is "probably actually innocent" of the crimes for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy a two-part test: First, he must support his allegations of constitutional error "with new reliable evidence. . . that was not presented at trial." Second, he must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id., citing Schlup v. Delo, 513 U.S. 298 (1995). Petitioner fails to make this showing.

Petitioner has failed to show cause for his default of grounds 2 and 3. He does not show that a manifest injustice will occur if these grounds are not reviewed on the merits, and he has failed to meet the Schlup standard for actual innocence. Id. Therefore, federal review of grounds 2 and 3 is barred.

Grounds 2 and 3 are denied.

## CERTIFICATE OF APPEALABILITY

---

[3] Because petitioner does not allege ineffective assistance of post-conviction counsel as cause for his procedural default, Martinez v. Ryan, 132 S.Ct. 1309 (2012) does not apply.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

## **ORDER**

Accordingly, it is **ORDERED** that:

(1) the above-captioned petition for a writ of habeas corpus is denied;

(2) this case is dismissed with prejudice; and

(3) the issuance of a certificate of appealability is denied.

          */s/ Richard E. Dorr*
          RICHARD E. DORR
          UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated:  May 22, 2012.